IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 11 2019

CLERK, U.S. DISTRICT COURT
By_____
Deputy

JAKE LINDSEY HARDIN,      §
                       §
     Movant,          §
                       §
VS.                   §    NO. 4:19-CV-561-A
                       §    (NO. 4:16-CR-132-A)
UNITED STATES OF AMERICA,      §
                       §
     Respondent.      §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Jake Lindsey Hardin
("movant") under 28 U.S.C. § 2255 to vacate, set aside, or
correct sentence. After having considered the motion, the
government's motion to dismiss, and pertinent parts of the record
in Case No. 4:16-CR-132-A, styled "United States of America v.
Charles Ben Bounds, et al.," finds that the government's motion
to dismiss should be granted.

I.

Background

Information contained in the record of the underlying
criminal case discloses the following:

On June 15, 2016, movant was named in a second superseding
indictment charging him with conspiracy to possess with intent to
distribute 50 grams or more of a mixture and substance containing
a detectable amount of methamphetamine, in violation of 21 U.S.C.

§ 846. CR Doc.[1] 286. On December 6, 2016, movant was named in a superseding information charging him with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc. 898. On December 15, 2016, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 935. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 937. They also signed a waiver of indictment. CR Doc. 936. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the

---

[1]The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-107-A.

factual resume and movant understood the meaning of everything in it and the stipulated facts were true.

The probation officer prepared the PSR, which reflected that movant's base offense level was 32. CR Doc. 1278, ¶ 35. He received a two-level enhancement for possession of a weapon, id. ¶ 36, a two-level enhancement for importation of methamphetamine, id. ¶ 37, and a two-level enhancement for maintenance of a drug premises. Id. ¶ 38. He also received a two-level and a one-level reduction for acceptance of responsibility. Id. ¶¶ 44, 45. Based on a total offense level of 35 and a criminal history category of V, movant's guideline imprisonment range was 262 to 327 months. However, the statutorily-authorized maximum sentence was 20 years, so his guideline range became 240 months. Id. ¶ 110.

Movant was sentenced to a term of imprisonment of 240 months. CR Doc. 1346. He appealed, CR Doc. 1348, and on March 22, 2018 his appeal was dismissed as moot.[2] United States v. Hardin, 718 F. App'x 287 (5th Cir. 2018). Movant did not file a petition for writ of certiorari.

Movant twice filed motions for extension of time in which to file a motion under 28 U.S.C. § 2255. CR Doc. 1529; CR Doc. 1532. The court denied those motions. CR Doc. 1530; CR Doc. 1533.

---

[2]The sole issue raised was that movant's sentence should not have been ordered to run consecutively to any state sentence he might receive on related state prosecutions pending at the time he was sentenced. Those prosecutions were dismissed. Hence, the appeal became moot.

II.

## Grounds of the Motion

Movant raises two grounds in support of his motion, worded as follows:

Ground One: 922(g) conviction.

Doc.[3] 1 at PageID[4] 4.

Ground Two: Ineffective Assistance Counseling

Id. at PageID 6.

III.

## Applicable Standards of Review

A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991).   A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause"

---

[3]The "Doc. __" reference is to the number of the item on the docket in this civil action.

[4]The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the typewritten page numbers on the document do not reflect the actual page numbers.

for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.    Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also

Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.

## Analysis

As the government points out, movant's motion is not timely. Section 2255 contains a one-year statute of limitations. 28

U.S.C. § 2255(f). In this case, limitations began to run on the
date the judgment of conviction became final. 28 U.S.C. §
2255(f)(1). The Fifth Circuit issued its opinion on March 22,
2018. Because movant did not file a petition for writ of
certiorari, his judgment became final 90 days later, on June 20,
2018. Clay v. United States, 537 U.S. 522, 532 (2003).

Movant has made no attempt to show that he is entitled to
equitable tolling; nor could he make that showing. To do so he
must establish that he diligently pursued his rights and that
some extraordinary circumstances stood in his way and prevented
his timely filing of his motion. Holland v. Florida, 560 U.S.
631, 649 (2010). Although actual innocence might serve as an
exception to the bar of limitations, movant may only benefit from
this exception if he shows that in light of new evidence, no
juror, acting reasonably, would have voted to find him guilty
beyond a reasonable doubt. McQuiggin v. Perkins, 569 U.S. 383,
386-87 (2013); Merryman v. Davis, 2019 WL 3071992, at *3 (5th
Cir. 2019). Movant has not offered such evidence here.

Movant does refer to Rehaif v. United States, 139 S. Ct.
2191 (2019), Doc. 1 at PageID 12, but Rehaif has no application
here, where movant was not convicted under 18 U.S.C. § 922(g).
Rather, he was convicted of conspiracy.

The court further notes in any event that movant's grounds are without merit, based on the erroneous contention that he pleaded guilty to a § 922(g) offense.

## V.

## Order

The court ORDERS that movant's motion be, and is hereby, dismissed as untimely.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED October 11, 2019.

_____
JOHN McBRYDE
United States District Judge